IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:16-CV-

IAN BYRNE,

    Plaintiff,

v.

KEVIN RECORD and JBS CARRIERS, INC.

    Defendants.

## COMPLAINT

COMES NOW, Plaintiff IAN BYRNE, by and through his attorneys, Collin J. Earl and Ryan T. Earl of EARL & EARL PLLC, hereby submits his Complaint against Defendants, Kevin Record and JBS Carriers, Inc., and aver as follows:

### IDENTIFICATION OF PARTIES

1. Plaintiff, Ian Byrne, is a resident of the State of Colorado.

2. Defendant Kevin Record (hereinafter referred to as Defendant Record) at all times relevant, is believed to be a resident of the State of Texas.

3. Defendant JBS Carriers, Inc., is a foreign corporation with its principal place of business in Greeley Colorado.

## JURISDICTION AND VENUE

4. Plaintiff incorporates herein by reference the relevant and needed allegations set forth with specificity in all preceding paragraphs of this Civil Complaint as if set forth *verbatim.*

5. Article VI, Section 9 of the Constitution of the State of Colorado provides that the District Court shall be the trial court of record with general jurisdiction and shall have original jurisdiction of all civil, probate and criminal cases, except as otherwise provided by statute and shall have such jurisdiction as may be prescribed by law.

6. Venue and jurisdiction based on the filing of the Complaint is proper in the United States District Court for the District of Colorado pursuant to 28 U.S. Code 1332.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates herein by reference the relevant and needed allegations set forth with specificity in all preceding paragraphs of this Civil Complaint as if set forth *verbatim.*

8. The incident, giving rise to this action occurred in Carbon County Wyoming, on March 17, 2016 while Plaintiff, Ian Byrne was the properly restrained passenger of a 2012 Toyota Camry that was negligently rear-ended by Defendant Record, who was driving a 2016 Kenworth Conv, during the course and scope of his employment with Defendant JBS Carriers, INC.

9. Defendant Record negligently, carelessly and recklessly operated the vehicle, that was being used for his employment with Defendant JBS Carriers, Inc., by failing to maintain the proper look-out, distance, speed and control of his vehicle, rear-

ending the vehicle in which Mr. Byrne was a passenger while the vehicle was stopped legally on the side of the road out of the flow of traffic in the emergency lane.

10. Plaintiff was in no manner comparatively negligent in causing the afore-described motor vehicle accident which occurred on March 17, 2016.

11. As a result of Defendant Record's negligent, careless and reckless actions, Mr. Byrne sustained injuries and damages.

12. As a direct and proximate result of the motor vehicle accident giving rise to this suit, Plaintiff incurred in the past, and will continue to incur into the future, economic expenses, losses and damages including, but not limited to, medical and other health care and rehabilitation expenses related to his injuries, and loss of time.

13. As a direct and proximate result of the incident giving rise to this suit, Plaintiff incurred in the past, and will continue to incur into the future, non-economic expenses, losses, and damages including, but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and impairment of quality of life.

**FIRST CAUSE OF RELIEF:**
**NEGLIGENCE RESULTING IN PERSONAL INJURY AND PROPERTY DAMAGE-**
**DEFENDANT RECORD- DEFENDANT RECORD**

14. Plaintiff incorporates herein by reference the relevant and needed allegations set forth with specificity in all preceding paragraphs of this Civil Complaint as if set forth *verbatim.*

15. Defendant Record owed Plaintiff a duty to exercise reasonable care in the operation of the vehicle he was driving on the date, time and place aforementioned.

16. Defendant breached their above-mentioned duty of care by operating vehicle in a careless, negligent, and reckless manner without regard to all attendant circumstances.

17. The above-mentioned breach of duties owed by Defendant Record to Plaintiff while operating his vehicle as hereinabove described, directly and proximately caused, Plaintiff to suffer injury and damages.

18. The above-mentioned breach of duty owed by Defendant Record to Plaintiff, directly and proximately caused Plaintiff to incur past and future economic expenses, losses, and damages including, but not limited to, medical and other health care and rehabilitation expenses related to their injuries, past and future, and loss of time.

19. The above-mentioned breach of duty owed by Defendant Record to Plaintiff directly and proximately caused Plaintiff to suffer past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional stress, and impairment of quality of life.

## SECOND CAUSE OF RELIEF: NEGLIGENCE PER SE-DEFENDANT RECORD

*26.* Plaintiff incorporate herein by reference the relevant and needed allegations set forth with specificity in all preceding paragraphs of this Civil Complaint as if set forth *verbatim.*

27. Defendant Record, by driving and operating the vehicle in a negligent and careless manner and in causing the injuries at issue, violated C.R.S. § 42-4-1402 Careless *Driving[1],* and in doing so was negligent per se.

28. At all times material to the allegations herein, the aforementioned laws were in effect to prevent the general public from being injured in traffic collisions.

29. Plaintiff is a member of the class of people the statutes were intended to protect, and suffered the harm the statutes were intended to prevent.

30. In the course of the motor vehicle collision described herein, Defendant Record caused the collision of the vehicles, violated the abovementioned statutes, and said violation constitutes negligence per se.

31. The above-mentioned breach of duty owed by Defendant Record to Plaintiff, directly and proximately caused Plaintiff to incur past and future economic expenses, losses, and damages including, but not limited to, medical and other health care and rehabilitation expenses related to her injuries, and loss of time.

32. The above-mentioned breach of duty owed by Defendant Record to Plaintiff directly and proximately caused Plaintiff to suffer past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional stress, and impairment of quality of life.

**THIRD CLAIM FOR RELIEF**
*Defendant JBS Carriers, INC., (Respondeat Superior) Negligent Business Practices; Operating Methods; Negligent Hiring, Training, Supervision, and Retention-Direct Liability*

---

[1] As this accident occurred in Wyoming, and was cited for speed being too fast, it would be similar to the Colorado Driving Statute. As discovery is exchanged, this can be amended to cite the appropriate Wyoming Statute.

33. Plaintiff incorporates herein by reference the relevant and needed allegations set forth with specificity in all preceding paragraphs of this Civil Complaint as if set forth verbatim.

34. Defendant JBS Carriers, INC., was careless and negligent in its business practices an operating methods, which negligence includes but is not limited to: negligent screening; negligent hiring; negligent training; negligent supervision; and negligent retention; failure to comply with all applicable statutes, rules and regulations; and failure to ensure employees' compliance with all applicable statutes, rules and regulations and failure to adequately stop and dissuade employees from improperly using their power and influence with Defendant's organization.

35. Defendant JBS Carriers Inc., negligence includes but is not limited to: failure to properly investigate the driver application, licensing, and compliance with applicable regulations, including licensing; failure to adequately and properly review Defendant Kevin Record's qualifications and disqualifications.

**WHEREFORE**, Plaintiff request judgment against Defendants for compensatory and special damages; pre-judgment and post-judgment interest as prescribed by law; costs of this case including expert witness fees, court costs, deposition costs, attorney's fees, and all other costs permitted in accordance with the recognized laws of civil procedure, and such other and further relief as the Court deems just and proper.

Respectfully submitted this 31st day of October 2016

/s/Collin J. Earl, Esq.
Collin J. Earl, Esq., # 41808
Ryan T. Earl, Esq., # 45910
EARL & EARL PLLC
1259 Lake Plaza Drive, Ste. 230
Colorado Springs, CO 80906
Telephone (719) 900-2500
collin@earlandearl.com

Plaintiff' Address:
C/O
Earl & Earl, PLLC
1259 Lake Plaza Drive, Ste. 230
Colorado Springs, CO 80906